IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| RENEE L. MARKLEY, | * | Chapter 7 |
|     Debtor | * | |
| | * | Case No.: 1-05-bk-03492 |
| CHARLES A. BIERBACH, Chapter 7 | * | |
| Trustee, | * | |
|     Movant | * | |
| | * | |
|     v. | * | |
| | * | |
| RENEE L. MARKLEY, | * | |
|     Respondent | * | |

## OPINION

### Procedural and Factual History

Before the Court is the objection of the Chapter 7 Trustee ("Trustee") to an exemption under 11 U.S.C. § 522(d)(10)(A) claimed by Renee L. Markley ("Debtor") in a social security disability benefit that was paid to her in a lump sum after she filed the instant bankruptcy petition. Section 522(d)(10)(A) allows a debtor to exempt her "right to receive a social security benefit, unemployment compensation, or a local public assistance benefit." Debtor's petition was filed on May 25, 2005. On June 1, 2005, she received a direct deposit into her checking account from the Social Security Administration in the amount of $18,945.88. On June 29, 2005, Debtor filed an amended schedule "C" to claim this sum as exempt. On August 30, 2005, the Trustee filed an objection to the amended claim of exemptions. He asserted that "any amount of the award attributable to [a] lump sum benefit prior to the date of the filing of ... the voluntary petition ... was not subject to the exemption pursuant to 11 U.S.C. Section 522(d)(10)(A) since it was not a right to receive." On September 13, 2005, Debtor filed an

1

answer to the Trustee's objection. Attached to the answer was a letter to Debtor from the Social Security Administration (SSA) dated June 2, 2005.[1] In pertinent part, the letter stated as follows:

> In an earlier letter, we told you that you were entitled to Social Security but that we were holding back benefits for September 2002 through April 2005. We withheld $30,558.20 in Social Security benefits.
>
> We did this because our records showed [that] you could have been getting Supplemental Security Income (SSI) when we started paying you Social Security benefits. And Social Security benefits can lower the amount of SSI payments you can receive.
>
> **What We Will Pay And When**
>
> - You will receive $18,945.88 around June 10, 2005.
> - This is the additional money you are due for September 2002 through April 2005.

On October 18, 2005, Debtor filed a pre-hearing brief on the issue raised by the Trustee. The matter was set for a hearing on October 25, 2005, but the parties agreed to submit the matter on the pleadings. The case is ready for decision.[2]

## Discussion

A debtor's estate is created when a case is commenced under the Bankruptcy Code. 11 U.S.C. § 541(a). The point in time at which exemptions from property of the estate are determined also is the date the case is commenced. *In re Alexander*, 236 F.3d 431 (8th Cir.

---

[1] The Trustee did not raise any objections to the authenticity or admissibility of the June 2, 2005 letter from the IRS. Accordingly, for evidentiary purposes in the instant Opinion, it will be treated as if it had been formally admitted into the record at a hearing.

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(I) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

2

2001); *In re Williamson,* 804 F.2d 1355, 1358 (5th Cir. 1986); *In re Bronner,* 135 B.R. 645, 647 (9th Cir. BAP 1992); *In re Kollar,* 218 B.R. 349, 352 -353 (Bankr. E.D. Pa. 1998). The objecting party bears the burden of proof on an objection to a claimed exemption. Fed. R. Bankr.P. 4003(c). *In re Hodes*, 402 F.3d 1005, 1010 (10th Cir. 2005). "[E]xemptions are generally construed broadly in favor of the debtor." *In re Martin*, 269 B.R. 119, 121 (Bankr. M.D. Pa. 2001) (citing *In re Barker,* 768 F.2d 191, 196 (7th Cir. 1985)).

The specific exemption claimed by Debtor for the funds at issue is set forth at 11 U.S.C. §522(d)(10)(A).

> The following property may be exempted under subsection (b)(1) of this section:
> (10) The debtor's right to receive--
> (A) a social security benefit, unemployment compensation, or a local public assistance benefit;

11 U.S.C. § 522(d)(10)(A).

While Debtor does not cite it, there is also a provision of the Social Security Act that governs the funds at issue.

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies *paid or payable* or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, *or to the operation of any bankruptcy or insolvency law*.

42 U.S.C. § 407(a) (italics added). "Subsection (b) goes on to restrict Congress' power to limit or modify this prohibition, requiring 'express reference' [in non-Social Security legislation] to section 407." *Guillermety v. Secretary of Educ. of U.S.,* 241 F.Supp.2d 727, 750 (E.D. Mich. 2002). Specifically, subsection (b) states:

> "No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supercede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section."

3

42 U.S.C. § 407(b).  Since the Bankruptcy Code makes no express reference to 42 U.S.C. §407(b), it cannot be construed to "limit, supercede or modify" a debtor's ability to exempt her social security benefits.  By explicitly excluding from the operation of any bankruptcy law social security benefits "paid or payable," and by failing to make 42 U.S.C. §407(b) subject to the provisions of the Bankruptcy Code, Congress manifested its intent to exempt social security payments under section §407(a) regardless of when benefits are paid to a debtor and regardless of whether a debtor's right to receive the payments arose pre- or post-petition.

This interpretation may appear to render the language of section 522(d)(10)(A) that refers to social security benefits redundant.  It would seem unnecessary to include such benefits as exemptible if they are already exemptible under the Social Security Act.  Applying parallel reasoning, the Court of Appeals for the Eleventh Circuit held that a debtor claiming exemptions under 11 U.S.C. § 522(d) and not under 42 U.S.C. § 407 (by way of 11 U.S.C. §522(b)(2)) forfeited his right to immunize his social security benefits.  *Matter of Treadwell,* 699 F.2d 1050, 1052 (11th Cir. March 7, 1983) In *Treadwell,* the Court held that nothing in 42 U.S.C. § 407 permits a social security recipient to claim the bankruptcy exemption in addition to the Social Security Act exemption.   However, the Social Security Act was amended to add subsection 407(b) on April 20, 1983, over a month after *Treadwell* was decided, and bankruptcy courts since that amendment have recognized that the amendment effectively overruled the Eleventh Circuit's decision.  See *In re Barron*, 85 B.R. 603 (Bankr. N.D. Ala. 1988) ("the continued application of the *Treadwell* exposition of section 522(b) is inappropriate after the 1983 amendment to the anti-assignment statute in the Social Security Act").  Accordingly, I conclude that while it would have been more legally astute for Debtor to have referenced 42 U.S.C. § 407

4

in addition to section 522(d)(10)(A) on her schedule "C", Debtor may nevertheless exempt the lump sum payment listed on her amended schedule "C."[3]

Moreover, the payment at issue is exemptible under section 522(d)(10)(A) regardless of the protections afforded social security benefits by 42 U.S.C. §407. The funds at issue had been due and payable to Debtor within a certain period prior to the filing of the petition, Debtor held an entitlement or "right" to receive those funds as of the date of the petition. Apparently believing that only social security benefits not yet due a debtor as of the date of her petition could be exempted under section 522(d)(10)(A), the trustee construed the phrase "right to receive" too narrowly. On its face, section 522(d)(10)(A) does not require an examination of the basis for the "right to receive" that is being invoked by a debtor, it simply exempts any right to receive a social security benefit in the future. This "right to receive" language is to be broadly construed. *Martin, supra.* On the date she filed her petition, Debtor in fact had a "right to receive" the funds at issue, which right was based on the fact that they had been previously due and payable to her. Thus, the trustee erred in arguing that the lump sum payment was not the product of a "right to receive" that existed on the date of the petition.

---

[3]The Trustee did not file a brief in this case, but the record contains a copy of a memorandum of law that the Trustee had filed in another case (*In re McCloskey*, Case No. 1-03-bk-01276) which indicates that the Trustee's current position relies on *In re Clark*, 711 F.2d 21 (3rd Cir. 1983). *Clark* stands for the proposition that the term "right to receive" in section 522(d)(10) refers only to a current right to receive payments and not a right to receive future benefits. In a recent decision by the District Court for the Middle District of Pennsylvania, *In re Wiggins,* 1:CV-05-2557 (April 25, 2006), the Court ruled that "*Clark* is no longer good law in light of *Rousey* [*v. Jacoway*, 544 U.S. 320 (2005)]." Accordingly, the Trustee's reliance on *Clark* in the instant case is misplaced.

5

An order to overrule the Trustee's objection will follow.

BY THE COURT,

*Mary D. France*
Bankruptcy Judge

Date:   June 8, 2006

*This document is electronically signed and filed on the same date.*